UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TINA BUSHEY,

              Plaintiff,

v.

              8:16-CV-0774
              (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| SCHNEIDER & PALCSIK<br>  Counsel for Plaintiff<br>57 Court Street<br>Plattsburgh, New York 12901 | MARK A. SCHNEIDER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL–REGION II<br>  Counsel for Defendant<br>26 Federal Plaza, Room 3904<br>New York, New York 10278 | JOSHUA L. KERSHNER, ESQ.<br>Special Assistant U.S. Attorney |

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this action filed by Tina Bushey ("Plaintiff") against the Commissioner of Social Security ("Defendant") pursuant to 42 U.S.C. § 405(g) seeking disability insurance benefits and supplemental security income, are the following: (1) the Report-Recommendation of United States Magistrate Judge William B. Mitchell Carter, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court recommending that the Commissioner's decision be affirmed and Plaintiff's Complaint be dismissed; (2) Plaintiff's Objection to the Report-Recommendation; and (3)

Defendant's response to Plaintiff's Objection. (Dkt. Nos. 26, 27, 28.) For the reasons set forth below, Plaintiff's Objections are rejected; Magistrate Judge Carter's Report-Recommendation is accepted and adopted in its entirety; the Commissioner's decision is affirmed; and Plaintiff's Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Procedural History

On July 11, 2013, Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income. (Administrative Transcript ["T."] at 90.)[1] Plaintiff's applications were initially denied by the Social Security Administration, after which she appealed. On December 17, 2014, a hearing was held before Administrative Law Judge Dale Black-Pennington ("ALJ") of the Social Security Administration. (T. at 31-67.) On March 3, 2015, the ALJ issued his decision finding that Plaintiff was not disabled under the Social Security Act. (T. at 7-27.) On May 25, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision. (T. at 1-6.) On June 29, 2016, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

### B. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 13-22.) First, the ALJ found that Plaintiff met the insured status requirements through September 30, 2012, and that she had not engaged in substantial gainful

---

[1] "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

activity since April 19, 2012. (T. 13.) Second, the ALJ found that Plaintiff has the severe impairments of degenerative disc disease, fibromyalgia, learning disorder, post-traumatic stress disorder ("PTSD"), and bilateral leg disorder. (*Id*.) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). (T. at 13-14.) Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, with certain exceptions.[2] (T. 14.) Fifth, the ALJ found that Plaintiff had no past relevant but that jobs exist in significant numbers in the national economy which Plaintiff could perform. (T. 21-22.)

## C. The Parties' Briefings of Their Motions for Judgment on the Pleadings

Generally, in her brief in support of her motion for judgment on the pleadings, Plaintiff asserts the following seven arguments: (1) the ALJ violated the treating physician rule by not giving proper weight to Plaintiff's treating physicians (who determined that she suffered from disabling orthopedic impairments, an autoimmune disorder, mental illness and a cognitive disorder); (2) the ALJ erred in finding that Plaintiff's spinal impairments and mental impairments did not meet or equal the Listings for purposes of Step Three (of the applicable five-step evaluation process); (3) the ALJ erred in finding that Plaintiff's autoimmune disease and carpal tunnel syndrome were not severe impairments for purposes of Step Two; (4) the ALJ improperly assessed Plaintiff's RFC and found that she could perform light work, by failing to

---

[2] The ALJ noted the following six exceptions for Plaintiff's performance of light work: (1) sitting in 30-minute intervals for six hours in an eight-hour workday; (2) performing simple rote tasks; (3) following and understanding simple oral instructions; (4) learning new tasks with occasional supervision and re-instruction; (5) having superficial and transactional contact with co-workers and the general public; and (6) occasionally managing change to workplace environment and/or tasks. (T. 14.)

3

account for the combined effects of her impairments (i.e., her spinal disorder, pain, depression, anxiety, cognitive limitations, side effects of her medication, auto immune disorder, and carpel tunnel syndrome); (5) the ALJ erred in rejecting Plaintiff's credibility without clear and convincing evidence; (6) the ALJ erred in his finding regarding Step Five by determining that Plaintiff could perform work in jobs of which there are significant numbers in the national economy despite her limitations; and (7) the ALJ and Appeals Council failed to fully develop the record by failing to order an additional IQ test or other cognitive testing of Plaintiff. (Dkt. No. 13, at Points I-V.)

Generally, in its brief in support of its motion for judgment on the pleadings, Defendant makes the following seven arguments: (1) the ALJ properly discounted certain opinion and other evidence from sources not related to the period at issue, because (a) Plaintiff is collaterally estopped from presenting arguments relating to the July 2010 magnetic resonance imaging ("MRI") scan, August 2010 electromyogram ("EMG") scan, unspecified reports from Dr. Ellen Gaughan, M.D., and consultative examination reports from Dr. David G. Welch, M.D., (b) the ALJ properly considered the laboratory testing conducted at Fletcher Allen Health Center, (c) the ALJ properly considered an intellectual evaluation by Dr. Richard Liotta, and (d) the ALJ properly considered a consultative examination report from Dr. Nader Wassef; (2) Plaintiff's impairments do not satisfy Listing 1.04 (regarding disorders of the spine); (3) the ALJ properly assessed Plaintiff's credibility; (4) the ALJ properly evaluated Plaintiff's mental impairments; (5) Plaintiff is not disabled as a result of her alleged carpal tunnel syndrome; (6) the ALJ's Step Five finding is supported by substantial evidence; and (7) the ALJ and the Appeals Council properly developed the record. (Dkt. No. 22, at Points 1-7.)

### D. Magistrate Judge Carter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Carter rendered the following eight findings of fact and/or conclusions of law: (1) the ALJ's determination was made in accordance with the Regulations and was supported by substantial evidence in the record, which was compete with no "obvious gaps"; (2) the ALJ's Step Two finding is supported by substantial evidence in the record and the ALJ properly determined Plaintiff's autoimmune disorder and carpal tunnel syndrome were non-severe based on a lack of diagnosis in the records and/or a finding that any such limitation would not impact her ability to perform the basic demands of work; (3) the ALJ's Step Three finding should be upheld, because Plaintiff has failed to present evidence that her spinal impairments meet or equal Listing 1.04 (regarding disorders of the spine) or that she was diagnosed with an autoimmune disorder to meet or equal Listing 14.00 (regarding immune system disorders), and while the ALJ did not specifically address Listing 12.05(C) (regarding intellectual disability) the ALJ's detailed analysis of Plaintiff's IQ testing affirms that Plaintiff does not meet or equal Listing 12.05; (4) the ALJ's mental RFC assessment (that Plaintiff is capable of performing light work) is supported by substantial evidence in the record, including the cognitive tests and the opinions of Dr. Brett Hartman, Psy.D., and Michelle Marks, Ph.D., who found that Plaintiff was capable of performing simple, unskilled work; (5) the ALJ's physical RFC assessment is supported by substantial evidence in the record and Plaintiff's own testimony as to her activities of daily living; (6) in making his credibility determination, the ALJ properly considered medical evidence in the record, objective treatment notations, inconsistencies in Plaintiff's testimony, her activities of daily living, and the side effects of her medication; (7) the ALJ's Step Five determination is supported by substantial

evidence in the record and identifies a significant number of jobs in the national economy; and (8) the record before the ALJ was complete and provided sufficient evidence to support proper determinations at each step of the five-step evaluation process (including a proper determination regarding Plaintiff's RFC). (Dkt. No. 26, at Part IV.)

  E. **Plaintiff's Objections to the Report-Recommendation**

  Generally, in his Objection to the Report-Recommendation, Plaintiff asserts eleven arguments: (1) Magistrate Judge Carter erred by finding that Plaintiff's autoimmune disease and carpal tunnel syndrome were not severe at Step Two; (2) Magistrate Judge Carter erred by finding that Plaintiff's spinal impairments did not meet or equal Listing 1.04; (3) Magistrate Judge Carter erred by finding that Plaintiff's mental impairments did not meet or equal Listing 12.05; (4) Magistrate Judge Carter erred by finding that Plaintiff was not disabled by her mental impairments, aside from meeting or equaling Listing 12.05; (5) Magistrate Judge Carter erred by misconstruing and misapplying the substantial evidence test; (6) Magistrate Judge Carter erred by finding that substantial evidence supported the ALJ's finding that Plaintiff would be able to work despite her severe pain; (7) Magistrate Judge Carter erred by finding that substantial evidence supported the determination that Plaintiff was not wholly credible; (8) Magistrate Judge Carter erred by finding that the Commissioner had met her burden at Step Five to prove that there is work in the national economy that Plaintiff could perform; (9) Magistrate Judge Carter violated the treating physician rule by giving more weight to non-treating physicians than to treating sources, and by failing to give enough weight to the objective medical tests; (10) Magistrate Judge Carter erred by *not* finding the ALJ failed to develop the record by ordering a consultative IQ test; and (11) Magistrate Judge Carter erred by finding that Plaintiff had the

6

ability to work despite her combination of a spinal disorder, pain, mental limitations, side effects of her medications, an autoimmune disorder, and carpal tunnel syndrome. (Dkt. No. 27, at Points I-XI.)

F. **Defendant's Response to Plaintiff's Objections**

Generally, in response to Plaintiff's Objections, Defendant asserts two arguments: (1) because all of the arguments asserted in Plaintiff's Objections were previously raised and extensively briefed in Plaintiff's underlying motion papers, the Court should adopt Magistrate Judge Stewart's Report-Recommendation as surviving a clear-error standard of review; and (2) to the extent that the Court finds that any of Plaintiff's arguments are not duplicative, the Court should adopted the portions of the Report-Recommendation challenged by those arguments as surviving a de novo standard of review, for the reasons stated in the thorough and well-reasoned Report-Recommendation. (Dkt. No. 28.)

II. **APPLICABLE LEGAL STANDARDS**

A. **Standard of Review of a Report-Recommendation**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[3]

---

[3] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[4] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.[5]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

---

forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[4]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[5]     *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[6]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[7]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[6] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[7] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**B.     Standard Governing Judicial Review of Defendant's Decision**

In Part III.A. of his Report-Recommendation, Magistrate Judge Carter correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No. 26, at Part III.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

**III.    ANALYSIS**

As an initial matter, the Court finds that, even when construed with the utmost of liberality, Plaintiff's Objections merely reiterate the same arguments made by her in her original papers submitted to Magistrate Judge Carter.[8] As a result, as explained above in Part II.A. of this Decision and Order, the Court need review the Report-Recommendation only for clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Carter's thorough Report-Recommendation, the Court can find no clear error in  that

---

[8] (*Compare* Dkt. No. 27, at Points I-XI [Plf.'s Obj., presenting arguments regarding (1) whether Plaintiff's autoimmune disease and carpal tunnel syndrome were severe impairments, (2) whether her spinal impairments and mental impairments met or equaled the Listings, (3) whether substantial evidence supported the ALJ's finding that she would be able to work despite her severe pain and combination of conditions, (4) whether there is sufficient work in the national economy that she could perform, (5) whether substantial evidence supported the ALJ's finding that she had the mental ability to work in certain jobs, (6) whether the ALJ erred in determining that she was not credible, (7) whether the ALJ violated the treating physician rule, and (8) whether the ALJ failed to develop the record by ordering a consultative IQ test] *with* Dkt. No. 13, at Points I-V [Plf.'s Brief, presenting arguments regarding (1) whether the ALJ violated the treating physician rule, (2) whether the ALJ erred in finding that Plaintiff's spinal impairments and mental impairments did not meet or equal the Listings, (3) whether the ALJ erred in finding that her autoimmune disease and carpal tunnel syndrome were not severe impairments, (4) whether substantial evidence supported the ALJ's finding that she would be able to work despite her combination of conditions, (5) whether the ALJ erred in determining that she was not credible, (6) whether there is sufficient work in the national economy that she could perform, and whether substantial evidence supported the ALJ's finding that she had the mental ability to work in certain jobs, and (7) whether the ALJ failed to develop the record by ordering an additional IQ test or other cognitive testing].)

Report-Recommendation: Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. The Court would add only that Magistrate Judge Carter's Report-Recommendation would survive even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report-Recommendation (Dkt. No. 26) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's decision is **AFFIRMED**, and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: September 27, 2017
       Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge